STATE OF MAINE
CUMBERLAND, ss.

May 3   11 10 AM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-99-33

*NM-C Um- 5/8/2000*

UNION STATION LIMITED
PARTNERSHIP,

     Plaintiff

   vs.

DECISION AND ORDER

UNION STATION MARKET, INC.,
MICHAEL HOGLUND, SR., and
MICHAEL HOGLUND, JR.,

     Defendants

The parties agreed to the following prior to trial:

1. counts II and V of the plaintiff's amended complaint will be dismissed;

2. the counterclaim will be dismissed;

3. judgment will enter in favor of the plaintiff and against defendant Union Station Market, Inc. in the amount of $50,000.00 on counts I and III of the amended complaint.

Jury-waived trial on count IV, fraudulent transfer of assets, of the amended complaint was held on 2/9/00 and 3/10/00. The plaintiff seeks to have the individual defendants held responsible for the $50,000.00 judgment against Union Station Market, Inc.

The Union Station Market, Inc. (USM) is owned by Michael Hoglund, Sr. and Janice Hoglund. USM operated a store in the Union Station Plaza in Portland. M.

Hoglund Meats, Inc. is also owned by the Hoglunds and operates Countryside Butchers in Scarborough.

Michael Hoglund, Sr. and his wife are the sole shareholders in two corporations. The corporations were maintained as separate corporations and are in good standing in the State of Maine as of 3/9/00. In May, 1999, M. Hoglund Meats, Inc. acquired a perfected security interest on the assets of Union Station Market from Fleet Bank. See Defendants' Exhibits 1-8. Mr. and Mrs. Hoglund, Sr. were individually liable on the promissory note to Fleet Bank. M. Hoglund Meats, Inc. paid Fleet Bank approximately $14,776.46 to acquire this security position. See Defendants' Exhibit 13.

The store at Union Station Plaza closed on 3/23/99. On the day it closed, the following items were in the store:

1. A 36' long meat case; if fully stocked, that case would have a value of approximately $500-$1,000;

2. A 12'-16' long x 2'-2.5' produce section; if fully stocked, that section would have a value of $100-$200;

3. A 3-door, 8'-10' freezer; if fully stocked, the freezer would have a value of $1,500-$2,000 but had a value as the store closed of $1,000-$1,500.

4. Forty feet of grocery shelves; if fully stocked, the shelves had a value of $3,000;

5. A reach-in cooler with beer, soda, milk, eggs, and juice fully stocked; the value fluctuated between $1,000-$2,500;

2

6.    A deli section;

7.    A storage room, which contained two desks, paper supplies, scales, chemical supplies, 5-10 storage racks, a grinder, two floor wax machines, one or two cash registers, 3-5 other racks;

8.    A cutting room, which contained a cube steak machine and a meat saw.

When the store closed, some of these things were taken and put into storage, either in a garage at Michael Hoglund Sr.'s house or in a barn next to Countryside Butchers. Although the store was not fully stocked at closing, the remaining inventory from Union Station Market was also taken to Countryside Butchers. Equipment from Union Station Market is now located in the barn next to Countryside Butchers and is not being used.

The last annual inventory of Union Station Market occurred in July, 1998. When the premises were vacated, left behind were a meat case, produce case, freezer, five condensers, six compressors, and sinks. Nothing was taken out of the storage room.

Michael Hoglund, Jr. went back on the evening of the move from the premises because he left a bag of money on the deli table. When he returned, the money was not there. Kevin Campbell, the property manager of the Union Station Limited Partnership, told Mr. Hoglund, Jr. that he could not enter the store again.

The assets of Union Station Market were sold at a foreclosure sale to the highest bidder, M. Hoglund Meats, Inc. See Plaintiff's Exhibit 17. The sale occurred in 11/99. The plaintiff received notice of the foreclosure sale, even though it filed

no liens, because the attorney for the corporations knew about the pending lawsuit. The original report of public sale reflected no deficiency; the amended report of sale reflected a deficiency for additional accrued interest and costs and attorney fees. See Plaintiff's Exhibit 18; Defendants' Exhibit 10. USM is now responsible for the deficiency.

The plaintiff has abandoned its claim regarding the property sold at the 11/99 sale. See Plaintiff's Exhibit 17. The plaintiff presses its claim regarding the inventory and other equipment taken from Union Station Market on the date of closing.

In order to adopt the plaintiff's theory of this case, the court must, among other things, find that Attorneys Driscoll and Cummings somehow aided the defendants in a scheme to defraud the plaintiff and that the testimony of Kevin Campbell was credible. The court declines to make those findings.

The remaining inventory of Union Station Market was taken to Countryside Butchers and not transferred to the individual defendants. See 14 M.R.S.A. §3572 (12), §§ 3577(1) & (3) (Supp. 1999). Further, there is no evidence in this record on which the court could place a value on the inventory items taken. Finally, pursuant to the amended report of sale, there is a valid lien held by M. Hoglund Meats, Inc. for interest and attorney's fees.

With regard to two cutting tables, grinder, and the cube steak machine, again the plaintiff has not proved that this property was transferred to either of the individual defendants and there is no evidence of the value of these items. In

4

addition, section 3578(1)(C)(1) does not provide for an order to return the property, as requested by the plaintiff.   See 14 M.R.S.A. § 3578(1)(C)(1) (Supp. 1999).

The entry is

Judgment is entered on Counts I and III of the Plaintiff's Amended Complaint in favor of the Plaintiff and against the Defendant Union Station Market, Inc. in the amount of $50,000.00.

Counts II and IV of the Plaintiff's Amended Complaint are Dismissed with prejudice.

Defendant Union Station Market, Inc.'s Counterclaim is Dismissed with prejudice.

Judgment is entered in favor of the Defendants and against the Plaintiff on Count IV of the Plaintiff's Amended Complaint.

Date: May 4, 2000

Nancy Mills
Justice, Superior Court

Date Filed __03-25-99__ __CUMBERLAND__ Docket No. __RE 99-033__

County

Action __REAL ESTATE__

UNION STATION LIMITED PARTNERSHIP

UNION STATION MARKET, INC.
MICHAEL HOGLUND, SR.
MICHAEL HOGLUND, JR.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN C. WHITING ESQ  780-0681<br>75 PEARL ST., SUITE 213, PM  04101 | KURT E. OLAFSEN, ESQ  761-4411 (Union)<br>PO BOX 130, PM  04112 |

DONALD L. GARBRECHT
LAW LIBRARY

MAY 24 2000

| Date of Entry | |
|---|---|
| 1999<br>Mar. 25 | Received 03-25-99:<br>Complaint Summary Sheet filed. |
| "    " | Complaint filed. |
| "    " | Plaintiff's Motion for Ex-Parte Approval of Attachment and Trustee Process with Exhibit A, B, and C filed. |
| "    " | Affidavit of J. Robert Connor with Exhibits A,B, and C filed. |
| "    " | Plaintiff's Memorandum of Law in Support of Its Ex-Parte Motion for Attachment and trustee Process filed. |
| Mar. 26 | Received 03-25-99:<br>Ex-Parte Order Approving Attachment and trustee Process filed.(Mills, J.)<br>Therefore, the Entry shall be:<br>Plaintiff's Motion for approval of attachment and trustee process is granted.  It is Ordered that attachment and trustee process may be made against Defendant Union station Market's property in the amount of $30,000.00. |
| "    " | On 03-25-99:<br>Copy in hand to Stephen C. Whiting, Esq. |
| Apr. 14 | Received 04-14-99:<br>Summons filed.<br>Union Station Market Inc. served to Paul Driscoll, Esq. on 04-07-99. |
| April 16 | Received 04-15-99:<br>Summonses filed.<br>Michael Hoglund, Jr. served on 04-08-99. |
| "    " | Michael Hoglund, Sr. served with Motion for Ex-Parte approval of attachment & Trustee Process filed. |
| "    " | Trustee Michael Hoglund, Sr.'s Disclosure Under Oath filed. |
| "    " | Trustee Michael Hoglund, Jr.'s Disclosure Under Oath filed. |
| Apr. 23 | Received 04-22-99:<br>Plaintiff's Amended Complaint filed. |
| May 03 | Received 04-30-99:<br>Defendants' Answer and Counterclaim filed. |
| "    " | Defendants' Counterclaim Summary Sheet filed. |